Paul M. Hilkert – 028934
Gregory S. Grandmont – 032109
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: paul.hilkert@lane-nach.com
Email: greg.grandmont@lane-nach.com

*Attorneys for Constantino Flores, Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TARA BROOKS,<br><br>　　　　Debtor.<br>―――――――――――――――<br>CONSTANTINO FLORES, CHAPTER 7 TRUSTEE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TARA BROOKS,<br><br>　　　　Defendant. | (Chapter 7 Case)<br><br>Case No. 4:20-bk-00333-BMW<br><br>*Adv. No.*<br><br>**COMPLAINT FOR REVOCATION OF DISCHARGE** |

Constantino Flores, Chapter 7 Trustee and Plaintiff herein ("**Plaintiff**"), by and through his counsel undersigned, for his Complaint against Tara Brooks ("**Defendant**"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1409(a).

3. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to revoke a discharge is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

4. Plaintiff is the duly appointed and acting Trustee of the administrative case.

5. Upon information and belief, Defendant is a resident of the State of Arizona.

6. All acts giving rise to the cause of action in this Complaint occurred or caused events to occur in the State of Arizona.

## GENERAL ALLEGATIONS

7. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

8. This case was commenced by a voluntary petition filed by Defendant under Chapter 7 of Title 11, United States Code, on January 10, 2020 ("**Petition Date**").

9. Defendant received her discharge on June 11, 2020 [DE 30].

10. On or about November 8, 2021, legal counsel for Plaintiff sent a demand letter to Debtor demanding turnover of the Bankruptcy Estate's share of the Debtor's 2019 federal tax refunds in the amount of $5,215.00 and the Debtor's 2019 state tax refunds in the amount of $327.00, for a total amount due to the Bankruptcy Estate of $5,542.00 (the "**Tax Refunds**").

11. Despite the notice and demand sent by Plaintiff, Debtor failed to turn over the Tax Refunds.

12. On February 14, 2022, Plaintiff filed a Motion to Compel Debtor to Turn Over Property of the Estate (the "**Motion to Compel**") [DE 37].

13. The Motion to Compel sought to compel Defendant to turn over the Bankruptcy Estate's share of the Tax Refunds in the total amount of $5,543.00 within fourteen (14) days of the entry of an Order by the Court [DE 37].

14. On February 14, 2022, Plaintiff sent Notice of the Motion to Compel to Defendant, which included a copy of the Motion to Compel and the description of the Tax Refunds which Plaintiff sought turnover of from the Defendant [DE 38].

15. On March 21, 2022, this Court entered an Order which ordered Defendant to turn over to the Plaintiff the Tax Refunds within fourteen (14) days from the date of the Order [Dkt. 41] ("**Motion to Compel Order**").

16. On March 24, 2022, Notice of the Motion to Compel Order was sent out by the Bankruptcy Noticing Center via United States Mail to the Defendant ("**Notice**") [DE 43].

2

17. Despite the Motion to Compel Order and the Notice, Defendant failed to turn over the Tax Refunds to the Plaintiff within fourteen (14) days of the date of the Motion to Compel Order.

18. On June 7, 2022, a notice and demand letter with the Motion to Compel Order enclosed was sent by counsel for the Plaintiff to the Defendant, instructing the Defendant to remit payment of the Tax Refunds to the Plaintiff no later than fourteen (14) days from the date of the letter.

19. Despite the June 7, 2022 notice and demand letter, Defendant failed to turnover the Tax Refunds to the Plaintiff.

**REVOCATION OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(6)(A) and (d)(3)**

20. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

21. Pursuant to 11 U.S.C. §§ 727(a)(6)(A) and (d)(3), Plaintiff seeks to have the Defendant's discharge revoked on the grounds that Defendant has refused, despite proper notice and demand, to obey a lawful Order of the Court as Defendant has failed and/or refused to comply with the Motion to Compel Order.

22. The Defendant has been provided with sufficient opportunity within which to provide the Tax Refunds and has intentionally failed to do so.

WHEREFORE, Plaintiff prays for judgment against Defendant, Tara Brooks, as follows:

A. Revoking the Defendant's discharge effective upon the entry of Judgment;

B. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 16th day of August, 2022.

**LANE & NACH, P.C.**

By: /s/ Gregory S. Grandmont – 032109
Paul M. Hilkert
Gregory S. Grandmont
*Attorneys for Plaintiff*